UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHERZOD SULTONMURODOV and NAIMJOIN MUHTAROV, on behalf of themselves and all others similarly-situated, | Docket No.: |
| Plaintiffs, | **COMPLAINT** |
| -against- | **JURY TRIAL DEMANDED** |
| MESIVTA OF LONG BEACH and MORDECHAI RESPLER, in his professional and individual capacities, | |
| Defendants. | |

Plaintiffs, SHERZOD SULTONMURODOV ("Sultonmurodov") and NAIMJON MUHTAROV ("Muhtarov"), (collectively as "Plaintiffs"), on behalf of themselves and all others similarly situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through their attorneys, Borrelli and Associates, P.L.L.C., bring this action for damages and other legal and equitable relief against Defendants, MESIVTA OF LONG BEACH ("Mesivta") and MORDECHAI RESPLER ("Respler"), in his professional and individual capacities, (collectively as "Defendants"), and allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1.      This is a civil action for damages and equitable relief based upon violations that the Defendants committed of Plaintiffs', FLSA Plaintiffs', and Rule 23 Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 146-1.4; (iv) the NYLL's minimum wage provisions,

1

NYLL § 652(1); (v) the NYLL's requirement that employers pay wages to their employees pursuant to the terms of employment, NYLL §§ 190, 191, and 663(1); (vi) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (vii) the requirement that employers furnish employees with a wage notice at the time of hiring containing specific categories of information under the NYLL, § 195(1); (viii) the spread-of-hours provisions of the NYCCRR, tit. 12, § 142.2.4; N.Y. Lab. Law § 652; and (ix) any other claim(s) that can be inferred from the facts set forth herein.

2.      Defendants, a private high school and rabbinical college, and the Rabbi who operates and manages its day-to-day business affairs, have employed Plaintiff Sultonmurodov as a kitchen worker from September 2, 2010 to the present, and employed Plaintiff Muhtarov as a kitchen worker from January 7, 2013 to February 15, 2015.  As described below, throughout their employment, Defendants required both Plaintiffs to work, and both Plaintiffs did in fact work, in excess of forty hours per week.  For their work, Defendants failed to pay Plaintiffs at the minimum wage rate for all hours worked up to forty, and also failed to pay Plaintiffs at any rate of pay, let alone at the statutorily-required overtime rate, their agreed upon straight time rate of pay, or even the minimum wage rate, for all hours that they worked per week in excess of forty.

3.      Moreover, Defendants failed to furnish Plaintiffs on each payday with accurate and/or complete wage statements as required under the NYLL. The Defendants also failed to furnish Plaintiff Muhtarov with an accurate and/or complete wage notice at the time of hiring as required under the NYLL.

2

4.      Defendants also failed to provide Plaintiffs the required spread-of-hours pay on the occasions when they worked over a period of ten or more hours during a workday and they were paid at or less than the minimum wage for each hour worked.

5.      The Defendants paid and treated all of their non-managerial employees in this manner.

6.      Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of 29 U.S.C. § 216(b), on behalf of themselves and all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA.

7.      Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves and all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

8.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

9.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

3

**PARTIES**

10.     At all relevant times herein, Plaintiff Sultonmurodov was and is a resident of the State of New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

11.     At all relevant times herein, Plaintiff Muhtarov was and is a resident of the State of New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

12.     At all relevant times herein, Defendant Mesivta was and is a private high school and rabbinical college with its principal place of business located at 205 Beech Street, Long Beach, New York 11561.

13.     At all relevant times herein, Defendant Respler was and is a Rabbi who runs Mesivta's day-to-day business affairs, and who has the power to, and did and does in fact, hire and fire employees, supervise and control employee work schedules and conditions of employment, and determine the rates of employee pay and methods of payment.

14.     At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA, the NYLL and the NYCCRR.  Additionally, Defendants' qualifying annual business exceeds $500,000 and the Defendants were engaged in interstate commerce within the meaning of the FLSA as their students came from all over the United States and from Canada, the combination of which subjects the Defendants to the FLSA's overtime requirements as an enterprise.  Furthermore, all of Defendants' employees, including Plaintiffs and the FLSA Plaintiffs, were individually engaged in interstate commerce, as they all provided schooling-related services to students who came from all over the United States and from Canada.  This

independently subjects Defendants to the overtime requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

### COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiffs seek to bring this suit to recover from Defendants their full payment of all unpaid minimum wages, overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on their own behalf as well as those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial employees who give consent to file a claim to recover damages for: (1) overtime compensation that is legally due to them for the time worked in excess of forty hours per week; and/or (2) minimum wages that are legally due to them ("FLSA Plaintiffs").

16.     The Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were not paid the required minimum wage for all hours worked; (5) were required to work in excess of forty hours each workweek; and (6) were not paid the required one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate of pay, if higher, for all hours worked each workweek over forty.

17.     At all relevant times, the Defendants were aware of the requirement to pay Plaintiffs and all FLSA Plaintiffs at an amount equal to the minimum hourly wage rate for all hours worked, as well as at the rate of one and one-half times their respective hourly rates of pay, or one and one-half times the minimum wage rate, if higher, for all hours worked each workweek above forty, yet they purposefully chose not to do so.

18.     Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees minimum wage and overtime compensation for all hours worked per workweek in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

19.     In addition, Plaintiffs seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on their own behalf, as well as on behalf of those who are similarly-situated whom, during the applicable statutory period, Defendants also subjected to violations of the NYLL and the NYCCRR.

20.     Under FRCP 23(b)(3), a plaintiff must plead that:

a.   The class is so numerous that joinder is impracticable;

b.   There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c.   Claims or defenses of the representative are typical of the class;

d.   The representative will fairly and adequately protect the class; and

e.   A class action is superior to other methods of adjudication.

21.     The Rule 23 Class that Plaintiffs seek to define includes:

Current and former employees of Defendants who performed any work for Defendants as non-managerial employees during the statutory period within the State of New York, who: (1) did not receive compensation at the legally-required minimum rate of pay for each hour worked; (2) worked in excess of forty hours per week without receiving overtime compensation; (3) were not paid their wages in accordance with their agreed terms of employment; (4) were not provided with the statutorily-required wage statements on each payday pursuant to NYLL § 195(3); (5) were not provided with the statutorily-required wage notice at the time of hire pursuant to NYLL § 195(1); and/or (6) were not provided spread-of-hours compensation pursuant to NYCCRR, tit. 12, § 142.2.4; N.Y. Lab. Law § 652 ("Rule 23 Plaintiffs").

6

<u>Numerosity</u>

22.     During the previous six years the Defendants have, in total, employed at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

23.     There are common questions of law and fact that govern the claims that are available to each and every Rule 23 Plaintiff, including but not limited to the following: (1) the duties that the Defendants required the Rule 23 Plaintiffs to perform; (2) whether Defendants denied the Rule 23 Plaintiffs compensable time for all hours worked; (3) whether Defendants required the Rule 23 Plaintiffs to work in excess of forty hours per week; (4) whether Defendants compensated the Rule 23 Plaintiffs at the statutorily-required minimum wage rate of pay for each hour worked; (5) whether Defendants compensated the Rule 23 Plaintiffs at the statutorily required rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate of pay, if higher, for all hours worked per week over forty; (6) whether Defendants paid the Rule 23 Plaintiffs their wages in accordance with their agreed terms of employment; (7) whether Defendants furnished the Rule 23 Plaintiffs with proper wage statements on each payday as NYLL § 195(3) requires; (8) whether Defendants furnished the Rule 23 Plaintiffs with a proper wage notice at the time of hire as NYLL § 195(3) requires; (9) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (10) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (11) whether Defendants provided Rule 23 Plaintiffs with spread-of-hours compensation pursuant to NYCCRR, tit. 12, § 142.2.4; N.Y. Lab. Law § 652; (12) whether Defendants maintain any affirmative defenses with respect to the Rule

23 Plaintiffs' claims; (13) whether Defendants' actions were in willful violation of the NYLL and the NYCCRR; and (14) if so, what the proper measure of damages is.

Typicality of Claims and/or Defenses

24. As described in the facts section below, Defendants employed the Plaintiffs as non-managerial employees. Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as Defendants failed to pay the Rule 23 Plaintiffs at the minimum wage rate or their regular rates of pay for all hours worked and/or their respective overtime rates of pay for all hours worked per week in excess of forty. Plaintiffs and the Rule 23 Plaintiffs enjoy the same rights under the NYLL and the NYCCRR to be: (1) paid at least the statutorily-required minimum wage rate or their respective straight-time rates of pay for each hour worked; (2) paid one and one-half times their respective rates of pay, or one and one-half times the minimum wage rate of pay, if higher, for all hours worked per week in excess of forty; (3) furnished with accurate wage statements on each payday; (4) furnished with accurate wage notice sat the time of hire; and (5) compensated with spread-of-hours wages.

25. Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and the NYCCRR, namely, undercompensation due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

Adequacy

26. Plaintiffs worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. Furthermore, Defendants' treatment of Plaintiffs was substantially-similar, if not identical, to Defendants' treatment of the Rule 23 Plaintiffs.

8

Defendants routinely undercompensated Plaintiffs and the Rule 23 Plaintiffs, failing to pay them at the minimum wage rate of pay or their actual regular rates of pay for all hours worked and/or failing to pay them at one and one-half times their actual regular rates of pay, or one and one-half times the minimum wage rate of pay, if higher, for all hours worked each week in excess of forty.   Furthermore, Defendants failed to provide Plaintiffs and the Rule 23 Plaintiffs with accurate wage statements on each payday.   Defendants also failed to provide Plaintiffs and the Rule 23 Plaintiffs with an accurate wage notice at the time of hire.   Defendants further failed to provide Plaintiffs and Rule 23 Plaintiffs with the required spread-of-hours compensation.

27.   Plaintiff Muhtarov is no longer employed with the Defendants and thus has no fear of retribution from Defendants for his participation in this action.   Both Plaintiffs fully anticipate testifying under oath as to all of the matters raised in this Complaint and as to all matters that may be raised in Defendants' Answer.   Thus, Plaintiffs would properly and adequately represent the current and former employees whom Defendants similarly mistreated.

Superiority

28.   Defendants treated Plaintiffs and the Rule 23 Plaintiffs in a substantially similar manner.   As such, the material facts concerning Plaintiffs' claims are substantially similar, if not identical, to the material facts concerning the Rule 23 Plaintiffs' claims.

29.   Any lawsuit brought by one of Defendants' non-managerial employees for Defendants' violations of the NYLL and the NYCCRR would be practically identical to a suit brought by any other employee of Defendants working in that capacity for the same violation.

30.   Accordingly, a class action lawsuit would be superior to any other method for protecting the Rule 23 Plaintiffs' rights.

31.    In addition, Plaintiffs' attorneys are qualified, experienced, and able to conduct this litigation.  Plaintiffs' attorneys' practice is concentrated primarily in the field of employment law and they have extensive experience in handling class action lawsuits arising out of employers' violations of the provisions of the NYLL and the NYCCRR at issue in this case.

## BACKGROUND FACTS

32.    Defendant Mesivta is a private high school and rabbinical college.

33.    Mesivta's principal place of business is a school located at 205 Beech Street, Long Beach, New York 1156.  Mesivta also owns and operates four buildings of dormitories located within a few blocks of the school.

34.    Defendant Respler operates and manages Mesivta's day-to-day business affairs.

35.    At all relevant times, Respler had the power to and did in fact hire and fire all non-managerial employees, supervise and control all non-managerial employees' work schedules and conditions of employment, and determine the rates of all non-managerial employees' pay and methods of payment.

36.    At all relevant times, Plaintiffs were performing their duties for the benefit of and on behalf of Defendants.

37.    Plaintiff Sultanmurodov has worked for Defendants as a kitchen worker from September 2, 2010 to the present.

38.    Plaintiff Muhtarov worked for Defendants as a kitchen worker from January 7, 2013 to February 15, 2015.

39.    Both Plaintiffs' job duties included, but were not limited to, cooking and serving three meals a day to all Mesivta students and faculty, as well as cleaning the kitchen (including ovens, freezers, and all other appliances) and the dining area.  During the summer months, both

Plaintiffs performed other cleaning and maintenance functions, including painting Mesivta's dormitories.

40.     Throughout their respective periods of employment, during the school-months of September through June, Plaintiffs worked the following schedules: from 7:00 a.m. to 2:00 p.m. and from 6:00 p.m. to 8:00 p.m. (nine hours per day), on Sunday through Thursday; from 7:00 a.m. to 2:00 p.m. and from 6:00 p.m. to 11:00 p.m. on Friday (twelve hours per day); and from 9:00 a.m. to 1:00 p.m. and from 7:00 p.m. to 9:00 p.m. on Saturday (six hours per day). This adds up to a total of sixty-three hours per week.

41.     During the summer months of July and August, school was not in session and Plaintiffs were not required to perform kitchen work.  Nonetheless, during these months, Plaintiffs worked every weekday, performing cleaning and maintenance duties, including painting the dormitories, from 7:30 a.m. to anywhere between 4:00 p.m. and 9:00 p.m., with a half-hour lunch break, for a total of forty to sixty-five hours a week.

42.     Throughout Plaintiffs' employment their straight-time rates of pay were $8.00 and their overtime rates of pay were $12.00.

43.     However, in a practice that varied from week-to-week, the Defendants frequently paid Plaintiffs less than $8.00 for all hours worked up to forty each week and less than $12.00 for all hours worked each week in excess of forty, and sometimes nothing at all for those hours.  For example, while fifteen days at Plaintiffs' wage and schedule equates to earned wages of $1,277.14, the Defendants paid Plaintiff Sultonmurodov $828.95 for the fifteen-day period from January 16 to January 31, 2014, and $834.44 for the fifteen-day period from February 1 to February 15, 2014, and paid Plaintiff Muhtarov $904.80 for the fifteen-day period from September 16 to September 30, 2014, and $906.36 for the fifteen-day period from November 1

to November 15, 2014, even though both Plaintiffs worked their standard schedules during those weeks.

44.     Moreover, on all occasions when the Defendants paid Plaintiffs, which took place semi-monthly, the Defendants intentionally did not furnish Plaintiffs with a statement that accurately listed all of the following: Plaintiffs' total hours worked for that week; Plaintiffs' overtime rate of pay; and a computation of Plaintiffs' weekly compensation reflecting the proper base and overtime rates of pay, all in violation of N.Y. Lab. Law § 195(3).

45.     Defendants also intentionally did not provide Plaintiffs with wage notices at hire, or at any time, containing all of the following accurate information: Plaintiffs' rates of pay and hours thereof, whether Plaintiffs were paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances are claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendants, the name and physical addresses of Defendants; any "doing business as" names used by the employer; and Defendants' mailing addresses and telephone numbers.

46.     Moreover, on the days when Plaintiffs' shifts spread in excess of ten hours, the Defendants did not provide them with an extra hour of pay at the minimum wage rate.

47.     Defendants' failure to pay Plaintiffs in accordance with the FLSA, NYLL and NYCCRR was flagrant and willful.

48.     Defendants acted in this manner so as to minimize their labor costs.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the FLSA*

49.     Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

50.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate of pay, if higher, for any hours worked exceeding forty in a workweek.

51.     Defendants are employers within the meaning of the FLSA while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

52.     Plaintiffs and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiffs and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

53.     Defendants willfully violated the FLSA.

54.     Plaintiffs and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate of pay, if higher.

55.     Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorney's fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Minimum Wage Violations of the FLSA*

56.     Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

57.     29 U.S.C. § 206 requires employers to compensate their employees at a rate not less than the federally-mandated minimum wage.

58.     Defendants are employers within the meaning of the FLSA while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

59.     Defendants failed to compensate Plaintiffs and FLSA Plaintiffs for all hours worked in accordance with the FLSA's minimum wage provisions.

60.     Defendants willfully violated the FLSA.

61.     At the least, Plaintiffs and FLSA Plaintiffs are entitled to pay at the minimum wage rate for all hours worked each week.

62.     Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorney's fees for the Defendants' violations of the FLSA's minimum wage provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and NYCCRR*

63.     Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

64.     NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate of pay, if higher, for any hours worked exceeding forty in a workweek.

65.     Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

66.     Defendants willfully violated the NYLL and the NYCCRR.

67.     Plaintiffs and Rule 23 Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate of pay, if higher.

14

68.     Plaintiffs and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for the Defendants' violation of the NYLL's and NYCCRR's overtime provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Minimum Wage Violations of the NYLL*

69.     Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

70.     NYLL § 652(1) prescribes a minimum wage that employers must pay to their employees for each hour worked.

71.     Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

72.     Defendants failed to compensate Plaintiff and Rule 23 Plaintiffs for all hours worked in accordance with the NYLL's minimum wage provisions.

73.     Defendants willfully violated the NYLL and the NYCCRR.

74.     At the least, Plaintiffs and Rule 23 Plaintiffs are entitled to pay at the minimum wage rate for all hours worked each week.

75.     Plaintiffs and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorney's fees for the Defendants' violation of the NYLL's and NYCCRR's minimum wage provisions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Pay Wages in Violation of the NYLL*

76.     Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

77. NYLL §§ 190, 191, and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

78. Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

79. Defendants failed to compensate Plaintiffs and Rule 23 Plaintiffs at their respective regular rates of pay for each hour that they worked in accordance with their terms of employment.

80. Defendants' actions were in willful violation of the NYLL.

81. Plaintiff and Rule 23 Plaintiffs are entitled to recover, at their respective regular rates of pay, for all hours that they worked for Defendants but for which they were not compensated.

82. Plaintiffs and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay Plaintiffs and Rule 23 Plaintiffs their wages in accordance with the agreed terms of employment.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

83. Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

84. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

85.     Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

86.     Defendants willfully failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

87.     Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs and Rule 23 Plaintiffs for each failure of this sort up to the statutory cap.

<b>SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS</b><br><i>Failure to Furnish Proper Wage Notice in Violation of the NYLL</i>

88.     Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

89.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

90.     Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

91.     Defendants willfully failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage notices upon hire, or at any time thereafter, containing the criteria required under the NYLL.

92.     Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiffs and the Rule 23 Plaintiffs for each workweek after the violations initially occurred up to the statutory cap.

## EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Spread-of-Hours Violations of the NYLL and NYCCRR*

93.      Plaintiffs and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

94.      NYCCRR, tit. 12, § 142.2.4 and N.Y. Lab. Law § 652 require employers to compensate employees who are earning at or below the minimum wage with one additional hour of pay at minimum wage for each day in which the spread of hours exceeds ten.

95.      As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

96.      Plaintiffs and Rule 23 Plaintiffs are and were required to work shifts that spread in excess of ten hours a day without being compensated at the appropriate spread-of-hours rate.

97.      As a result, Plaintiffs and Rule 23 Plaintiffs are entitled to spread-of-hours compensation for all days in which the spread of hours exceeded ten.

## DEMAND FOR A JURY TRIAL

98.       Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs respectfully request:

a.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

18

       c.      An order restraining Defendants from any retaliation against any individual for participating in this lawsuit in any form;

       d.      Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

       e.      Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

       f.      All damages that Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs would have received but for the Defendants' unlawful payment practices;

       g.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

       h.      Awarding Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

       i.      Designation of Plaintiffs and their counsel as collective and class action representatives and class counsel under the FLSA and FRCP 23;

       j.      Pre-judgment and post-judgment interest, as provided by law; and

k.      Granting Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief

as this Court finds necessary and proper.

Dated: March 27, 2015
Great Neck, New York

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiffs*
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
(516) 248-5550
(516) 248-6027

SAMUEL VEYTSMAN (SV9511)
ALEXANDER T. COLEMAN, ESQ (AC8151)
MICHAEL J. BORRELLI, ESQ (MB8533)

20