UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SHERZOD SULTONMURODOV and
NAIMJOIN MUHTAROV, on behalf of
himself and all others similarly situated,

                       Plaintiff,               **DECISION AND ORDER**
      -against-                         CV 15-CV-1654 (LDW)(AYS)

MESIVITA OF LONG BEACH and
MORDECHAI RESPLER, in his individual
and professional capacities,

                       Defendants.
----------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

      Plaintiffs Sherzod Sultonmurodov and Naimjoin Muhtarov (collectively "Plaintiffs"), commenced this action seeking unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938 ("FLSA") and the New York State Labor Law ("NYLL"). Named as Defendants are Mevista of Long Beach and Mordechai Respler (collectively "Defendants"). The parties have agreed to conditionally certify a collective, pursuant to 29 U.S.C. § 216(b) of the FLSA consisting of kitchen and janitorial workers who worked for Defendants within the last three years. On August 20, 2015, this Court issued a "Stipulation Regarding Conditional Certification" (the "Stipulation") and a "Stipulation of Notice" (the "Notice") Docket Entry ("DE") 20. The Court indicated that these forms were entitled to presumptive approval, but granted the parties leave to comment as to the language contained therein and proposed changes thereto for the court to consider.

      While the parties have accepted and agreed to the majority of the language in the Stipulation and Notice, the parties do not agree, and have reached impasse, with regard to four

1

discrete issues: (1) whether the Stipulation will provide for a reminder notice; (2) whether additional language will be included in the Notice, providing the option for putative Plaintiffs to return the opt-in form to the Court rather than Plaintiffs' counsel's office; (3) whether the opt-in form may include Defense Counsel's contact information; and (4) whether the three year period set forth in the Notice is calculated from the date the court "so orders" the stipulation, or from the date of the complaint.

By Order dated September 16, 2015, this Court granted the parties leave to brief their respective positions regarding these four points of contention. The parties have submitted their briefs in accord with the briefing schedule. The Court has reviewed each motion, along with the supporting exhibits and case-law submitted by the attorneys. The Court turns now to analyze and resolve each dispute.

## DISCUSSION

I.  Reminder Notices

Plaintiffs seek to have the Notice and Stipulation allow for the sending of deadline reminder notices to potential collective members to be received thirty days prior to the opt-in deadline. Plaintiffs argue that inclusion of this term further the FLSA's purpose of informing the largest possible number potential collective members of the right to opt-in. Moreover, they assert that Defendants have not, and cannot, show how such a reminder notice would impair the litigation or prejudice Defendants' rights. See DE 25 at 1-2. Defendants counter that reminders are unnecessary and could be wrongfully interpreted as court encouragement of joining the lawsuit. Defendants argue that since Plaintiffs have not put forth any reason as to why a reminder notice is necessary, or how harm may result from a failure to provide for such notice, the reminder request should be denied. See DE 24 at 1-2.

Sending a reminder notice is consistent with the FLSA's objective of informing potential plaintiffs of the collective action and their right to opt-in. Accordingly, the Court holds that the notice herein shall contain such a reminder. Accord Bijoux v. Amerigroup New York, LLC, 2015 WL 4505835, at *15 (E.D.N.Y. 2015) (collecting cases); Chhab v. Darden Restaurants, Inc., 2013 WL 5308004, at *16 (S.D.N.Y. 2013) ("Given that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in, we find that a reminder notice is appropriate.") (collecting cases).

II. Opt-in Returns

Defendants seek to have the Notice specify that putative opt-in consent forms are to be sent to the Court, rather than to Plaintiffs' counsel's office. See DE 24 at 2. In support, Defendants reason that: (1) a provision directing opt-in plaintiffs to send their forms to Plaintiffs' counsel is improper because it discourages class members from seeking outside counsel; and (2) sending the form directly to the Clerk of the Court is in the best interest of opt-in plaintiffs because it avoids the risk of delaying a tolling of the statute of limitations for the opt-in plaintiffs' claims. Plaintiffs claim that instructing forms to be sent to the Court is not only confusing to potential plaintiffs, but also unduly burdensome for the Court, which, among other things would be responsible for reviewing and redacting opt-ins' contact information. See DE 25 at 2.

Courts are split as to whether opt-in plaintiffs should file their consent forms individually or through plaintiffs' counsel. However, if the notice advises potential opt-in plaintiffs that they are free to select their own counsel, "there is only a minimal risk" that they will be "discouraged from seeking their own counsel." Cherif v. Sameday Delivery Corp., 2015 WL 5772012, at *7 (E.D.N.Y. 2015) (quoting Limarvin v. Edo Rest. Corp., 2013 WL 371571, at *3 (S.D.N.Y.

3

2013)) (internal quotations omitted); see also Gonzalez v. Scalinatella, Inc., 2013 WL 6171311, at *4 (S.D.N.Y. 2013).

As to the issue of the possible delaying of the tolling of the statute of limitations, the Court is not convinced that having the opt-in forms returned to the Clerk of the Court will, as Defendants have argued, reduce any delay in the toll. Indeed, with the "budgetary constraints and financial limitations faced by the federal courts, the more practicable and efficient method of opting in is for the consent forms to be sent to plaintiffs' counsel." Dilonez v. Fox Linen Serv. Inc., 35 F. Supp. 3d 247, 258 (E.D.N.Y. 2014); See Ritz v. Mike Rory Corp., 2013 WL 1799974, at *4 (E.D.N.Y. 2013) ("In order to minimize the burden on opt-in plaintiffs who choose representation by plaintiff's counsel, and to reduce the administrative burden on the court, I am directing that the opt-in forms be returnable to plaintiff's counsel."). Indeed, given the "advent of round-the-clock electronic filing, plaintiffs' counsel may, at times, be better equipped to expeditiously file returned consent forms." Dilonez, 35 F. Supp. 3d at 258.

In light of the foregoing, the Court holds that the Notice shall provide for the filing of opt-in forms with Plaintiffs' counsel; however, the Notice has been modified to include language advising potential opt-ins of their right to select their own attorney in the action.

### III. Defense Counsel's Contact Information

The parties next disagree as to whether defense counsel's contact information should be included in the Notice. Plaintiffs contend such information is irrelevant to the distribution of notice, the collection of consent forms, and would be confusing for potential plaintiffs. Defendants assert that the routine practice in this Circuit is to include defense counsel's contact information in the notice.

Defendant is correct in the assertion that courts in this Circuit routinely include contact information for both plaintiff and defense counsel in notices sent to potential opt-in plaintiffs. Cano v. Four M Food Corp., 2009 WL 5710143 *11 (E.D.N.Y. 2009); see also Velasquez, 2014 WL 2048425 at *13; Cohan v. Columbia Sussex Mgmt. Corp., 2013 WL 8367807, at *13 (E.D.N.Y. Sept. 19, 2013) ("[T]he contact information for defendants' attorneys is routinely included in notices.") (internal quotations and citation omitted); Mendoza v. Ashiya Sushi 5, Inc., 2013 WL 5211839, at *7 (S.D.N.Y. 2013) ("Defendants request that the Final Notice include their counsel's contact information. FLSA notices routinely include this information."); Ritz, 2013 WL 1799974 at *4 (holding that defense counsel's contact information "is routinely included in notices"); Hernandez, 2012 WL 4369746 at *8 (same).

Plaintiffs' opposition to inclusion of defense counsel contact information is based largely on the assertion that such information may create the false impression that potential opt-ins are required to contact Defendants' lawyers in order to join this action. While certain language may possibly create this confusing impression, see Chhab v. Darden Restaurants, Inc., 2013 WL 5308004 *16 (S.D.N.Y. 2013), the language in this case creates no such impression. Thus, the defense counsel's contact information contained in the Notice herein appears only as a response to the form question: "Do the Defendants have a lawyer in this case?" See Notice at 3 (question No. 9). In view of the facts that inclusion of defense contact information is routinely approved in this Circuit, and appears in this court's notice only in the limited sense described herein, the court holds that such information may remain in the Notice.

IV. Notice Period

Finally, Plaintiffs submit that the three-year notice period is to be measured from the date the complaint was filed, with challenges to timeliness to be resolved at a later date, so that

5

equitable exceptions can be evaluated for each individual. They reason that courts routinely permit the period of employment for notice purposes to run from three years prior to the commencement of the action, rather than the date of the notice. See DE 25 at 2-3.

Defendants argue that the FLSA enforces a strict statute-of-limitations period, and compliance therewith that the notice period be calculated from the date of the Notice. Defendants acknowledge that some courts have broadened this notice cut-off by calculating the three-year period from the filing of the complaint to account for possible equitable tolling issues; however, Defendants contend that the Court should calculate the notice period from the date of Notice to prevent "inadvertently giving notice to persons whose claims are now [barred] by the statute of limitations." Searson v. Concord Mortgage Corp., 2009 WL 3063316, at *7 (E.D.N.Y. 2009). See DE 24 at 2-3.

In FLSA collective actions, the statute of limitations runs for opt-in plaintiffs until the "date on which [their] written consent is filed in the court in which the action was commenced." 29 U.S.C. § 256(b). Therefore, "some courts in this Circuit have calculated the time period for provision of notice from three years prior to the date of the relevant order, rather than three years prior to the complaint." Robles v. Liberty Rest. Supply, Corp., 2013 WL 6684954, at *10 (E.D.N.Y. Dec. 18, 2013) (citing Enriquez v. Cherry Hill Mkt. Corp., 2012 WL 440691, at *3 (E.D.N.Y. 2012)). Because equitable tolling issues often arise for prospective plaintiffs, however, other courts in this Circuit have calculated the three-year period from the date of the complaint "with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date." Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011); see Velasquez v. Digital Page, Inc., 2014 WL 2048425, at *11 (E.D.N.Y. 2014) (collecting cases).

6

In light of the fact that the date on the Notice is not dispositive of any statute of limitations issue, the court holds that notices shall be sent out to those potential collective members employed within the three year period prior to the date of the filing of the Complaint. Defendants may challenge the timeliness of individual plaintiffs' claims at a later date.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that the parties shall use the attached Notice, which includes the following provisions: (1) Plaintiffs may send out a reminder to notice to potential plaintiffs thirty days prior to the deadline; (2) Opt-in plaintiffs are directed to send their consent forms to Plaintiffs' counsel; however, the Notice has been modified to include language advising potential opt-ins of their right to select their own attorney in the action; (3) the Notice shall include the Defense Counsel's information as set forth above; (4) the three year notice period shall be calculated from the date the complaint was filed. Defendants may challenge the timeliness of individual plaintiffs' claims at a later date.

Dated: Central Islip, New York
October 9, 2015

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge