```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SHERZOD SULTONMURODOV and
NAIMJOIN MUHTAROV, on behalf of
himself and all others similarly situated,

                            Plaintiff,         DECISION AND ORDER
              -against-                        CV 15-CV-1654 (LDW)(AYS)


MESIVTA OF LONG BEACH and
MORDECHAI RESPLER, in his individual
and professional capacities,

                            Defendants.
----------------------------------------------------------X
```

**ANNE Y. SHIELDS, United States Magistrate Judge:**

Plaintiffs Sherzod Sultonmurodov and Naimjoin Muhtarov (collectively "Plaintiffs"), commenced this action seeking unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938 ("FLSA") and the New York State Labor Law ("NYLL"). Named as Defendants are Mesivta of Long Beach and Mordechai Respler (collectively "Defendants"). The Plaintiffs seek to conditionally certify a collective, pursuant to 29 U.S.C. § 216(b) of the FLSA, consisting of kitchen and janitorial workers who worked for Defendants within the last three years.

Counsel agreed to forego costly motion practice and go forward with agreed upon conditional collective action certification. Such agreement allows this matter to go forward efficiently and without prejudice to any of Defendants' rights, including the right to move to de-certify the collective if appropriate. In view of the parties' agreement as to how to proceed, this Court issued a "Stipulation Regarding Conditional Certification" (the "Stipulation") and a "Stipulation of Notice" (the "Notice") Docket Entry ("DE") 20 dated On August 20, 2015. The

1

Court indicated that these forms were entitled to presumptive approval, but granted the parties leave to comment as to the language contained therein and proposed changes thereto for the Court to consider. The Parties submitted their proposed changes, and this Court made a determination as to the Notice provisions. See Order dated October 9, 2015.

Counsel thereafter appeared for a status conference on November 12, 2015. At the conference the parties reiterated their agreement to proceed to conditional certification and to the fact that none of the employees at issue are exempt employees under the FLSA. They could not agree, however, as to the scope of employees to be included in the collective. Due to the inability of counsel to reach a consensus as to the proper members of the collective, Plaintiffs' counsel was granted two weeks in which to submit further evidence, in the form of affidavits, in support of his definition of employees to be included in the proposed collective. See Order dated November 12, 2015. After receiving Plaintiff's submission, this Court allowed defense counsel to respond. See Order dated November 30, 2015. On December 8, 2015, this Court received defense counsel's opposition. The Court deems Plaintiff's submission and Defendant's response to constitute a fully briefed letter motion. Accordingly, the Court analyzes the parties' positions and, as discussed below, decides the proper scope of the collective.

## DISCUSSION

I. Conditional Collective Action Certification

    A. General Principles

The FLSA imposes liability upon employers that violate the statute's minimum wage and overtime compensation provisions. See 29 U.S.C. §§ 206-207. Section 216(b) of that statute provides an employee with a private right of action to recover overtime compensation and/or minimum wages on behalf of himself, as well as other similarly situated employees. Such

similarly situated employees may become parties to an FLSA action upon giving consent in writing to become parties, which consent is filed in the court in which the action is brought. 29 U.S.C. § 216(b); Bifulco v. Mortgage Zone, Inc., 262 F.R.D. 209, 212 (E.D.N.Y. 2009); Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 103 (S.D.N.Y. 2003).

Courts within the Second Circuit apply a two-step analysis to determine whether an action should be certified as an FLSA collective action. First, the court determines whether the proposed class members are "similarly situated." McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012); Rubery v. Buth-Na-Bodhaige, Inc., 569 F. Supp. 2d 334, 336 (W.D.N.Y. 2007). If the court decides in the affirmative, then the proposed class members must consent in writing to be bound by the result of the suit, or "opt-in" to the class. Rubery, 569 F. Supp. 2d at 336; see 29 U.S.C. § 216(b).

The second step, which typically occurs after the completion of discovery, requires the court to make renewed factual findings as to whether the class members are actually similarly situated. Rosario v. Valentine Ave. Discount Store, Co., 828 F. Supp. 2d 508, 514 (E.D.N.Y. 2011); Bifulco, 262 F.R.D. at 212. "At that juncture, the court examines the evidentiary record to determine whether the 'opt-in' plaintiffs are, in fact, similarly situated to the named plaintiff." Id. (quotations and citations omitted). If it is determined at that point that collective members are not, indeed, similarly situated under the law, then "the court will decertify the class, the claims of the opt-in plaintiffs will be dismissed without prejudice, and the class representatives may proceed to trial on their individual claims." Bifulco, 262 F.R.D. at 212 (quoting Rubery, 569 F. Supp. 2d at 336).

The instant motion concerns only the first step, i.e., whether the proposed opt-in members are "similarly situated" such that conditional certification should be granted. At this

3

stage, "the evidentiary standard is lenient," Rubery, 569 F. Supp. 2d at 336, and "plaintiffs need only make 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" Doucoure v. Matlyn Food, Inc., 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008) (quoting Hoffmann v. Sbarro, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d 545, 552 (S.D.N.Y. 2013).

B.  Defining the Collective

Courts in this district and elsewhere routinely reject attempts to limit certification based on job function. See, e.g., Ritz v. Mike Rory Corp., 2013 WL 1799974, at *2 (E.D.N.Y. 2013) (rejecting limiting conditional class to bartenders and instead, including all tipped service workers in conditional class); Calderon v. King Umberto, Inc., 892 F. Supp. 2d 456, 464 (E.D.N.Y. 2012) (refusing to limit certification to positions held by named plaintiffs); Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007) (rejecting as frivolous defendant's argument that certification should be limited to duck feeders); Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 391 (E.D.N.Y. 2010) (certifying employees despite varying positions and functions).

This is particularly true where, as here, there is no question as to the "employee" status of members of the proposed collective. Thus, this case is distinguishable from those where the collective certification issue turns on whether members of the proposed collective share a common status entitling them to labor law protection. In such cases, where the employment status of the proposed collective members is in question, the Second Circuit has held that courts must consider factors relating to each potential class member's job function before Section 216(b)'s "similarly situated" requirement is satisfied. See, e.g., Myers v. Hertz Corp.,

624 F.3d 537, 555 (2d Cir. 2010) (trial court must consider commonality of job function when determining whether the proposed collective members share the same status as FLSA non-exempt employees entitled to the protection of the statute); see also Glatt v. Fox Searchlight Pictures, Inc., 791 F.3d 376, 381 (2d Cir. 2015) (job functions considered when determining the threshold issue of whether the proposed collective of unpaid interns were, in fact, "employees" entitled to the wage protections set forth in federal and state labor laws).

Here, in contrast to Myers and Glatt, there is no issue with respect to whether members of the putative collective are non-exempt employees. All parties agree that they are. Instead, the question is whether Plaintiffs have made the showing necessary to certify a collective consisting of the members they argue should be included by showing that all putative collective members were subject to the same unlawful wage policies.

As to the level of proof required, Courts have repeatedly stated that Section 216(b)'s "similarly situated" requirement is "considerably less stringent" than the requirements for class certification under Federal Rule of Civil Procedure 23. Rodolico v. Unisys Corp., 199 F.R.D. 468, 481 (E.D.N.Y. 2001) (citations omitted). This showing requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan . . . ." Sexton v. Franklin First Fin., Ltd., 2009 WL 1706535, at *3 (E.D.N.Y. 2009) (quoting Scholtisek v. Eldre Corp., 229 F.R.D. 381, 387 (W.D.N.Y. 2005)). The standard of proof is low because the purpose of this first stage is merely to determine whether "similarly situated" plaintiffs exist. Trinidad, 962 F. Supp. 2d at 553. Notably, courts in the Second Circuit have granted conditional certification for overtime claims based only on the statements of the named plaintiff, with or without additional supporting affidavits. See Velasquez v. Digital Page, Inc., 2014 WL 2048425, at *8 (E.D.N.Y.

2014) (collecting cases); see also Iriarte v. Redwood Deli & Catering, Inc., 2008 WL 2622929, at *3 (E.D.N.Y 2008).

It is important to note that courts do not require proof of an actual FLSA violation to certify a collective, "but rather that a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) (quoting Wraga v. Marble Lite, Inc., 2006 WL 2443554, at *1 (E.D.N.Y. 2006)). This determination is typically "based on the pleadings, affidavits and declarations" submitted by the plaintiffs. See Sexton, 2009 WL 1706535, at *7 (quoting Hens v. ClientLogic Operating Corp., 2006 WL 2795620, at *3 (W.D.N.Y. 2006)); see also Hallissey v. Am. Online, Inc., 2008 WL 465112, at *1 (S.D.N.Y. 2008) ("Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members."). The Court does not weigh the merits of the plaintiffs' underlying claims, resolve factual disputes, or evaluate credibility at this stage. Morris v. Lettire Const. Corp., 896 F. Supp. 2d 265, 269 (S.D.N.Y. 2012).

II. Disposition of the Motion Defining the Scope of the Conditional Collective

A. The Parties' Positions

Plaintiffs, who are kitchen workers, seek to conditionally certify a collective consisting of kitchen workers and janitorial workers who were employed by Defendants within three years prior to the date of the Complaint, who, during that time period, were not paid the minimum wage for all or some of the hours worked or were not paid overtime compensation in the amount of one and one-half of his hourly rate of pay for all hours worked in excess of forty hours per workweek. DE 25 at 1; DE 32. In support of their position, each named Plaintiff submits a personal affidavit. See Affidavit of Sherzod Sultonmurodov ("Sultonmurodov Aff."), DE 32, Ex. 1; Affidavit of Naimjoin

Muhtarov ("Muhtarov Aff."), DE 32, Ex. 2. While each affiant states employment only as a kitchen worker, both refer to conversations with two separate named janitorial workers, Kamol Djuraev and Ashurov Fazlidden, each of whom is alleged to have been victims of Defendants' unlawful compensation policy. See Sultonmurodov Aff., DE 32, Ex. 1 at 2-3; Muhtarov Aff., DE 32, Ex. 2 at 2-3.

While Defendants will consent to a collective consisting of kitchen workers, they oppose Plaintiffs' application to include janitorial workers in the collective. In addition to noting that Plaintiffs have not submitted the personal affidavit of any janitorial workers, Defendants characterize Plaintiffs' affidavits as virtually identical and conclusory boilerplate that are insufficient to warrant an order including janitors within the collective. See DE 33 ("Def. Letter in Opp.") at 2-3.

III.   Plaintiffs' Showing is Sufficient to Include Janitorial Workers in the Collective

Turning first to the issue of the factual sufficiency of Plaintiffs' affidavits, the court reiterates that for purposes of conditional certification, it is not necessary for pleadings and affidavits to show that prospective class members performed the same duties, the issue is whether they were "subject to the same policy." Cano v. Four M Food Corp., 2009 WL 5710143, at *7 (E.D.N.Y. 2009) (collecting cases); see also Colozzi v. St. Joseph's Hospital Health Ctr., 595 F. Supp. 2d 200, 207 (N.D.N.Y. 2009) ("similarly situated analysis" focuses "upon the features which make the particular policy or practice unlawful").

In support of their definition of the collective, Plaintiffs submit affidavits as follows. The Sultanmurov affidavit states that:

- He was close friends with Kamol Djuraev and Ashorov Fazlidden, both janitorial workers employed by the Defendants.

7

- He was close friends with Mr. Djuraev since approximately March 2011, when Mr. Djuraev began working for the Defendants, and spoke with him every day.

- Through the daily conversations, Mr. Djuraev informed him on multiple occasions that: he worked over forty hours per week each and every week; his pay varied from week to week although his hours were always the same; he was often paid less than minimum wage for hours worked up to forty per week; and that he was often not paid one and one half time his regular wage for ours worked over forty per week.

- He was close friends with Ashorov Fazlidden since approximately May 2014, when Mr. Fazlidden began working for the Defendants, and spoke with him every day.

- Through the daily conversations, Mr. Fazlidden informed him on multiple occasions that: he worked over forty hours per week each and every week; his pay varied from week to week although his hours were always the same; he was often paid less than minimum wage for hours worked up to forty per week; and that he was often not paid one and one half time his regular wage for ours worked over forty per week.

See Sultonmurodov Aff., DE 32, Ex. 1 ¶¶ 7, 8, 9.

Similarly, the Muhtarov Affidavit states that:

- He worked for the Defendants from January 7, 2013 to February 15, 2015.

- He was close friends with Kamol Djuraev and Ashorov Fazlidden, both janitorial workers employed by the Defendants.

- Throughout his employment, he was close friends with Mr. Djuraev, and spoke with him every day.

- Through the daily conversations with Mr. Djuraev, Mr. Djuraev informed him on multiple occasions that: he worked over forty hours per week each and every week; his pay varied from week to week although his hours were always the same; he was often paid less than minimum wage for hours worked up to forty per week; and that he was often not paid one and one half time his regular wage for ours worked over forty per week.

- He was close friends with Mr. Fazlidden since approximately May 2014, when Mr. Fazlidden began working for the defendant, and spoke with him every day.

8

- Through the daily conversations, Mr. Fazlidden informed him on multiple occasions that: he worked over forty hours per week each and every week; his pay varied from week to week although his hours were always the same; he was often paid less than minimum wage for hours worked up to forty per week; and that he was often not paid one and one half time his regular wage for ours worked over forty per week.

Muhtarov Aff., DE 32, Ex. 2 ¶¶ 1, 7, 8, 9.

Defendants argue that Plaintiffs' submission is insufficient to allow inclusion of janitors in the collective because they fail to include the personal affidavit of any janitor, relying instead on the allegations of the Plaintiff-kitchen workers. Additionally, Defendants argue that Plaintiffs' affidavits are insufficient because they contain only general observations and conversations, amount to nothing more than boilerplate, and fail to meet the standard of relevant case law. As discussed below, the Court rejects each argument.

First, as to the issue of whether affiant observations and conversations regarding potential class members are sufficient to support certification of a collective, courts in this circuit have agreed that they are. Indeed, it is often held that observations of and conversations with other potential class members can satisfy the low burden required to demonstrate that the plaintiffs and "potential plaintiffs together were victims of a common policy or plan that violated the law.' " See Robles v. Liberty Rest. Supply, Corp., 2013 WL 6684954, at *5 (E.D.N.Y. 2013) (citations and internal quotations omitted). Moreover, this is true even if the sole support for certification lies within a single affidavit. See Iriarte, 2008 WL 2622929, at *2-3. While not the case here, even identification of potential class members by first name only is not fatal to the motion. Hernandez v. Immortal Rise, Inc., 2012 WL 4369746, at *4 (E.D.N.Y. 2012). In accord with this case law, this Court rejects the argument that Plaintiffs' submission is insufficient because no janitor affidavit is included and Plaintiffs refer only to conversations with janitors.

9

The Court also disagrees with Defendants' assertion that Plaintiffs' attempt to include janitors in the collective on the ground that the assertions in the affidavits are boilerplate. DE 33 at 2. In support of their argument, Defendants rely on Mendoza v. Casa de Cambio Delgado, Inc., 2008 WL 938584. While the court in Mendoza, characterized the affidavits as boilerplate, that flaw was not the reason the motion to certify the collective was denied. Instead, the court in Mendoza stated that "the principal defect in [the] affidavits is that not one Plaintiff affidavit purports a factual nexus with other putative employees…" Id. at 2; see also Vaughan v. Mortgage Source LLC, 2010 WL 1528521, at *8 (E.D.N.Y. 2010). Here, in contrast, the nexus between Plaintiffs' compensation situation and that of the putative collective members is stated clearly in the affidavits. The affidavits are not boilerplate, but instead, refer to conversations with named janitors discussing circumstances similar to those of Plaintiffs with regard to the payment of wages.

Finally, the Court addresses Defendants' reliance on three distinguishable cases: Mata v. Foodbridge LLC, 2015 WL 3457293, at *1 (S.D.N.Y. 2015), Sanchez v. JMP Ventures, L.L.C., 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014), and Silva v. Calle 8, LLC, 2013 WL 6330848, at *3 (E.D.N.Y. 2013). Mata is distinguishable because that case involved only a single affidavit setting forth only general allegations in support of the motion for conditionally certification. Denying the motion, the court noted that while plaintiff referenced "observations of and conversations" with other employees, he failed to provide any details regarding the facts alleged. Id. at *4. In contrast, both affiants here state the names of the janitorial workers with whom they conversed -- Messrs. Djuraev and Fazlidden. Plaintiffs refer to multiple conversations throughout the time period they worked together, and attest that during conversations both janitors disclosed that they were improperly paid in the same

way that Plaintiffs here allege. Additionally, unlike the submission in Mata, Plaintiffs here rely on not one, but on two corroborative affidavits.

Both Sanchez and Silva are equally distinguishable. In Sanchez, the court stated that plaintiff did not provide "any detail as to a single such observation or conversation." Sanchez, 2014 WL 465542, at *2. Likewise, the court in Silva reasoned that plaintiff failed "to provide any factual detail about the other employees, such as names of fellow employees whom he observed working the same hours as he, who were unable to use the time clock or with whom he had conversations about not receiving overtime compensation." Silva, 2013 WL 6330848, at *3. As stated above, the detailed affidavits here are readily distinguishable.

## CONCLUSION

For the foregoing reasons, the Court holds that Plaintiffs have made a factual showing sufficient to include janitors within the conditional collective herein. Counsel are to confer and draft documents consistent with their prior agreements and this Court's review including Plaintiffs' proposed collective definition and to move forward with the notification process specified therein.

Dated: Central Islip, New York
December 17, 2015

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge