UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
SHERZOD SULTONMURODOV and
NAIMJOIN MUHTAROV, on behalf of
himself and all others similarly situated,

        Plaintiff,    **DECISION AND ORDER**
   -against-        CV 15-CV-1654 (LDW)(AYS)


MESIVTA OF LONG BEACH and
MORDECHAI RESPLER, in his individual
and professional capacities,

        Defendants.
---------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

   This is an action seeking unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938 ("FLSA") and the New York State Labor Law ("NYLL"). In an effort to streamline discovery and avoid unnecessary cost and expense in litigation, this court has formulated an order tailored to govern discovery in FLSA cases (the "FLSA Order"). That order was entered in this matter on November 12, 2105, and requires that each Plaintiff provide certain information regarding their claims. For example, the FLSA Order requires that each Plaintiff set forth his regular rates of pay, the nature of the clams raised, and an accounting of wages allegedly owed. The order also seeks information regarding attorney fees and expenses. In formulating and implementing the FLSA Order, it is this Court's intent to fulfill its duty to encourage and participate in the "just, speedy and inexpensive determination" of all actions and proceedings. See Fed. R. Civ. P. 1 ("Rule 1"). Rule 1, as recently amended, imposes the same duty on the parties.

   Plaintiffs were to respond to the interrogatories set forth in the FLSA Order herein by

1

December 9, 2015. Responses were not provided, however, until December 14, 2015 – three business days late.

On December 15, 2015, Defendants filed a motion for sanctions and "alerting the Court to Plaintiff's failure to comply with the terms" of the FLSA Order. Docket Entry ("DE") No. 34. Defendants' motion raises not only the issue of the late service of interrogatory responses, but also objects to Plaintiffs' response to the FLSA Order requesting information about attorneys' fees. Defendants' motion states that because of the late service of interrogatory responses and Plaintiffs' objection to providing sworn responses to attorney hour information, Defendants have "categorically rejected Plaintiffs' responses." DE 34 at 2.

On the day after the Defendants' motion was filed, Plaintiffs responded, seeking that it be denied. DE 35. Plaintiffs' submission explains that there was difficulty in having their clients (who speak little English) properly execute the form interrogatories on time, and, in any event, Defendants suffered no prejudice as a result of the late filing. As to the interrogatory seeking attorney fee information, Plaintiffs state their objection to having their clients execute a form, under oath, setting forth their knowledge as to time spent on this matter by their attorneys. Finally, Plaintiffs state that Defendants never conferred with them about any matter raised. The failure to confer is a violation of both the Local Rules and Individual Practice Rules of this Court.

## DISCUSSION

I.  Failure to Confer and Comply with Rules

Matters raised by Defendants' sanctions motion are within the scope of those subject to this Court's meet and confer rule. In the absence of agreement following such meeting, these matters could only have been properly raised after arranging for a telephone conference with the

Court. Neither the meet and confer nor the telephone conference rule were complied with. Counsel's failure to comply with those rules is reason enough to deny the motion.

II.     The Late Service is Excused

Had counsel raised the three business day (five calendar day) late filing of the interrogatory responses by way of a telephone conference, this Court would have held Plaintiffs' excuse sufficient, found no prejudice (or corrected any such prejudice by granting Defendants an extra week in which to comply with other possibly affected deadlines) and required Defendants to accept the responses. Outright rejection of the document, and the filing of a motion served only to create delay and waste the parties and the Court's resources as to this limited dispute. Had counsel conferred prior to filing a motion for sanctions they would likely had reached the same conclusion.

III.    Response to Interrogatory Number 9

    A.      Issue Raised

Plaintiffs object to having their clients respond, under oath, to Interrogatory Number 9 in the FLSA Order. That interrogatory asks Plaintiffs to "specify all attorneys' fees and costs incurred to date." DE 31; Interrogatory Number 9. With respect to such fees, the interrogatory asks for hourly attorney rates and the number of hours expended by each attorney who billed time to the case. See id. The purpose of Interrogatory Number 9, and, indeed, all interrogatories and the FLSA order is to inform defendants of facts that will allow for an early evaluation of the risks and benefits of litigation versus settlement. In view of the fact that the FLSA is a fee shifting statute, interrogatory number 9 seeks to provide defendants with attorney fee information, early in the process, so that they can advise their clients of their possible exposure in the matter.

Plaintiffs object to having their clients respond to the interrogatory on the ground that they have no personal knowledge of this information and cannot therefore attest to this information. Plaintiffs also note that it is difficult to determine how many hours are compensable in a case where fees may be likely compromised as part of the settlement process.

II.	Disposition of Interrogatory Issue Raised

While objections to the form interrogatories were not envisioned, the Court can certainly understand that newly formulated form discovery orders may result in issues unforeseen by the Court at the outset. While the Court disapproves of the way in which this matter was raised, the Court appreciates that the issue has arisen and has considered the issues raised by Plaintiffs' objection.

The Court agrees that while Plaintiffs should be aware of any fee arrangement, they are likely not in a position to certify the precise amount of hours spent on their case. Therefore, the Court will amend Interrogatory Number 9, in this case and going forward, to reflect that although a response is required, Plaintiff need not have personal knowledge as to the hours stated. The Court will also amend Interrogatory Number 9 in this case and going forward, to seek information as to the total number of attorney hours spent on the case to date, without identification of particular attorneys who worked on the matter and the hourly rates charged by each. Such amendments to the interrogatory address Plaintiffs' concerns, while also giving Defendants important information to be considered when evaluating the financial risk of continuing litigation.

In light of the foregoing, and in view of the facts that: (1) experienced counsel are generally aware of hourly rates awarded in this District and (2) that fees are often determined as

a percentage of recovery and may be compromised via settlement, Interrogatory Number 9 is hereby amended to read as follows:

9. Specify the number of attorney hours spent on this matter to date. (The court recognizes that Plaintiff's certification to these interrogatories does not extend to a certification as to personal knowledge of this response. Instead, this response may be supplied by counsel who need not sign these responses).

## CONCLUSION

As in all matters involving discovery disputes, it would have been preferable for counsel not only to confer with each other, but also to involve the Court regarding the issues raised herein, especially those regarding any uncertainty or ambiguity as to how to properly respond to the Court's interrogatories. Nonetheless, the Court appreciates the parties' concerns as to the interrogatory at issue and their continuing participation in form discovery aimed at trimming the expense and delay of litigation.

The motion docketed under DE 34 herein is denied for the reasons herein, and Interrogatory Number 9 is amended as set forth above. Plaintiffs are directed to serve a response to the newly amended interrogatory within one week of the date of this order. That response shall reflect counsel's knowledge as of the date of the response.

SO ORDERED

Central Islip, New York
December 18, 2015

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge